**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SALVADOR ROJAS, | : | |
| | : | Civil Action No. 09-4835 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WALTER S. DODSON, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff pro se
Salvador Rojas
Passaic County Jail
11 Sheriff Plaza
Paterson, NJ 07501

**MARTINI**, District Judge

   Plaintiff Salvador Rojas, a pre-trial detainee confined at Passaic County Jail in Paterson, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

---

   [1] Plaintiff has been making partial payments of the filing fee and has recently paid the final payment.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he is dissatisfied with the services of his public defender and he wants him removed as counsel.

The only named defendant is "Walter S. Dodson, Attorney of the Public Defender."

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Generally, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Cf. Tower v. Glover, 467 U.S. 914, 923 (1984) ("state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights").

Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the

ground that it fails to state a claim, because lawyers, typically, are not "state actors."  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. at 325.  A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights.  Tower v. Glover, 467 U.S. 914 (1984).

Here, Plaintiff alleges no facts that would suggest that the public defender defendant is acting in any capacity other than his traditional capacity as counsel.  Accordingly, all claims against public defender Walter S. Dodson will be dismissed with prejudice.

In addition, the Office of the Public Defender is immune from suit in federal court under the Eleventh Amendment.  The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.  The Public Defender is appointed by the Governor with the advice and consent of the Senate.  The Public Defender

is authorized to enter into contracts as provided by law.  The Public Defender must make an annual report to the Legislature on the operations of the Office.  See New Jersey Statutes, Title 2A, Chapter 158A.  Thus, the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment immunity.  Cf. Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994) (Wisconsin Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity); Allen v. Feldman, 2004 WL 1254001 (D.Del. 2004) (Delaware Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity).

Moreover, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).  Thus, the Office of the Public Defender is not a "person" subject to suit under § 1983.

Finally, even if there were other grounds to proceed with this matter, this Court would abstain from entertaining this claim for injunctive relief in connection with a pending state prosecution.

It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court

must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); Middlesex Co. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

The state court in which his criminal proceedings are pending is the appropriate forum in which Plaintiff should pursue this challenge to the adequacy of his representation.

7

V. <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. This Court expresses no opinion as to the merits of Plaintiff's claim regarding the adequacy of his representation. It does not appear that Plaintiff could amend his Complaint to state a claim. An appropriate order follows.

s/William J. Martini

William J. Martini
United States District Judge

Dated: 3/1/10